ANSTEAD, J.,
dissenting.
It' is apparent that there is an erroneous statement of law in the district court opinion that a criminal defendant is precluded from any collateral attack on the voluntariness of a plea if he has been shown to have defaulted on some aspect of the plea agreement. There is no requirement under Florida law that all of the terms of a plea agreement be satisfied before a collateral attack on the plea can be made. As noted by the scholarly dissent of Judge Fletcher, the majority opinion misconstrues and misapplies the law applying contract principles to plea bargain disputes and explicitly conflicts with the analyses and holdings in those cases. Under the holding of the district court majority, for example, a defendant’s claim that she was physically beaten before involuntarily entering into a plea bargain would be barred even though noncompliance with some term of the plea agreement would be totally without relevance in resolving the claim of involuntariness. Hence, the district court opinion conflicts with countless Florida cases explaining the necessary allegations to state a voluntariness claim, including those cases erroneously cited by the majority as supporting its holding.
PARIENTE, J., concurs.